J-S40045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH A. MARTIN | : | |
| | : | |
| Appellant | : | No. 1135 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 13, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002807-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH MARTIN | : | |
| | : | |
| Appellant | : | No. 1136 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 13, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000199-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH ALBRON MARTIN, JR. | : | |
| | : | |
| Appellant | : | No. 1137 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 13, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004032-2022

J-S40045-25

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:          **FILED: AUGUST 13, 2026**

In these consolidated appeals, Keith Albron Martin, Jr. (Appellant), appeals, *pro se*, from the judgments of sentence imposed following his jury convictions of three counts each of possession with intent to deliver a controlled substance (PWID) and possession of drug paraphernalia; and one count each of possession of a controlled substance, tampering with evidence, and obstruction of justice.[1]  Because Appellant failed to preserve any issue for our review, due to his failure to file court-ordered Pa.R.A.P. 1925(b) concise statements of errors complained of on appeal, we affirm.

Based on our disposition, we need not detail the facts underlying Appellant's convictions.  Following Appellant's respective arrests in the three cases, the Commonwealth charged him with, *inter alia*, the aforementioned offenses.

On February 23, 2023, in Case 199, Appellant filed an omnibus pretrial motion to suppress physical evidence, which the trial court subsequently denied.  Prior to trial, Appellant expressed his desire to proceed *pro se* in each

---

[1] ***See*** 35 P.S. §§ 780-113(a)(30), (32); ***id.*** § 780-113(a)(16); 18 Pa.C.S.A. §§ 4910(1), 5101.  The charges arose out of three separate Dauphin County cases (collectively "the three cases"): CP-22-CR-199-2021 (Case 199), CP-22-CR-2807-2022 (Case 2807), and CP-22-CR-4032-2022 (Case 4032).

of the three cases. After conducting a **_Grazier_**[2] hearing, the trial court granted Appellant permission to proceed _pro se_ and appointed standby counsel.

In Case 199, the matter proceeded to a jury trial on December 13, 2023; the jury convicted Appellant of one count each of PWID, possession of a controlled substance, and possession of drug paraphernalia. One day later, Appellant was tried by a jury in Case 2807; the jury convicted him of one count each of PWID, possession of drug paraphernalia, and tampering with evidence. Finally, regarding Case 4032, following a jury trial on May 21, 2024, Appellant was convicted of one count each of PWID, possession of drug paraphernalia, and obstruction of justice.

Sentencing for the three cases occurred in a consolidated proceeding on June 13, 2024. The trial court imposed a total aggregate sentence of 30 to 120 months' incarceration.

On the same date as sentencing, Appellant timely filed substantially similar, _pro se_ Post-Sentence Motions for Judgment of Acquittal and New Trial. Appellant challenged the verdicts as being against the weight and sufficiency of the evidence. Post-Sentence Motions for Judgment of Acquittal and New Trial, 6/13/24, ¶¶ 1, 9-11. On June 21, 2024, the trial court denied the post-

---

[2] **_Commonwealth v. Grazier_**, 713 A.2d 81, 82 (Pa. 1998) (requiring an on-the-record determination that a defendant's waiver of their right to counsel is made knowingly, intelligently, and voluntarily).

sentence motions. On August 8, 2024, Appellant filed separate *pro se* notices of appeal at each of the three cases.

The trial court did not initially order Appellant to file Pa.R.A.P. 1925(b) concise statements. Rather, on August 20, 2024, the trial court issued identical statements in lieu of Rule 1925(a) opinions in each of the three cases, recommending that this Court quash the appeals as untimely filed. **See generally** Statements in Lieu of Opinion, 8/20/24; **see also** Pa.R.A.P. 903(a) (requiring appellants to file a notice of appeal within 30 days after the entry of the order from which the appeal is taken).

Following procedure that is not pertinent to this appeal, on December 19, 2025, this Court issued a memorandum in which we (1) determined, contrary to the trial court, that Appellant's notices of appeal were timely filed; and (2) remanded the case to the trial court, and retained jurisdiction, with instructions for it to issue a Pa.R.A.P. 1925(a) opinion. **See generally Commonwealth v. Martin**, 352 A.3d 989, 1135-1137 MDA 2024 (Pa. Super. 2025) (unpublished memorandum).[3]

---

[3] Although the trial court's clerk of courts did not enter the notices of appeal on the docket until August 8, 2024, it initially received, and time-stamped, the notices on July 12, 2024 (which was within the 30-day appeal period following the denial of Appellant's post-sentence motions). In **Martin**, this panel pointed out that pursuant to Pa.R.A.P. 905(a)(3), "[u]pon receipt of the notice of appeal, **the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken**, which date shall be shown on the docket." **Martin**, 352 A.3d 989 (unpublished memorandum at 9) (quoting Pa.R.A.P. 905(a)(3) (emphasis added by **Martin**)).

On remand, the trial court issued orders, on January 23, 2026, directing Appellant to file, within 21 days, Pa.R.A.P. 1925(b) concise statements. However, though the orders themselves stated that copies were distributed to Appellant, *see* 1925(b) Orders, 1/23/26, at 3 (unpaginated), the trial court's docket bore no indication that the orders were served upon Appellant.[4] Appellant did not respond to the court's Rule 1925(b) orders.

On March 11, 2026, the trial court filed Statements in Lieu of Pa.R.A.P. 1925 Memorandum Opinions, recommending that we find all of Appellant's issues waived, based on his failure to file Rule 1925(b) statements. **See** Statements in Lieu of Pa.R.A.P. 1925 Memorandum Opinion, 3/11/26, at 1 (unpaginated) (recommending that we find waiver of all Appellant's issues on appeal, where he "has not complied with th[e trial] court's 1925(b) Order, nor has Appellant applied for an extension of time in which to file a statement of matters complained of on appeal."). The trial court cited, *inter alia*, **Commonwealth v. Hill**, 16 A.3d 484 (Pa. 2011), wherein our Supreme Court emphasized that "Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so

---

[4] Rather, the trial court's docket states that the 1925(b) orders were served only upon Appellant's **standby** counsel, who (1) was not counsel of record; and (2) has submitted no filings in connection with the three cases. Pursuant to Pennsylvania Rule of Criminal Procedure 114, (1) the clerk of courts must promptly serve a copy of any trial court order or notice "on each party's attorney, **or the party if unrepresented**," Pa.R.Crim.P. 114(B)(1) (emphasis added); and (2) criminal docket entries shall contain, *inter alia*, "the date of service of the order or court notice." **Id.** 114(C)(2)(c).

ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived." Statements in Lieu of Pa.R.A.P. 1925 Memorandum Opinion, 3/11/26, at 1 (unpaginated) (quoting **Hill**, 16 A.3d at 494).

When the matter returned to this Court, on April 13, 2026, we again remanded, and retained jurisdiction, instructing the trial court to issue "a Pa.R.A.P. 1925(b) order in compliance with Pa.R.Crim.P. 114(C)[,]" **supra**. **Commonwealth v. Martin**, 2026 WL 964049, 2026 Pa. Super. Unpub. LEXIS 932, 1135-1137 MDA 2024 (Pa. Super. 2026) (unpublished memorandum at 1); **see also id.** (unpublished memorandum at 7-8) (citing **Commonwealth v. Hess**, 810 A.2d 1249, 1253 (Pa. 2002), wherein our Supreme Court stated that a trial court clerk has a "mandatory" obligation, under Rule 114(B)(1) and (C), to serve copies of any trial court order or notice upon each party's attorney (or the party, if unrepresented), **and to notate the service upon the trial court's docket**)).

On remand, the trial court issued amended Rule 1925(b) orders on April 17, 2026, followed by second amended Rule 1925(b) orders on April 29, 2026.[5] In the latter filing, the trial court stated that (1) "[t]his Second

---

[5] Regarding both Rule 1925(b) orders, the trial court's clerk of courts complied with Pa.R.Crim.P. 114(C), by notating on the docket that Appellant was served with the orders, at his address of record. **See** Trial Court Docket (supplemental electronic record filed in this Court on July 13, 2026), at 21-22.

Amended Order is issued … to update [] Appellant's mailing address";[6] and

(2) "Appellant's failure to comply with this order may be considered by the

appellate court as a waiver of all objections to the … matter complained of."

Second Amended Pa.R.A.P. 1925(b) Orders, 4/29/26, at n.1, and p. 2

(unpaginated).

However, at no time did Appellant file a Rule 1925(b) statement or

request an extension of time within which to file one. The trial court, via

correspondence to this Court dated July 10, 2026, confirmed that, to date,

> Appellant has not submitted a statement of errors complained of
> on appeal, nor has he provided this court with any additional
> updated mailing addresses. Therefore, this court maintains that
> Appellant has waived any issues for appeal, and [the court]
> respectfully request[s] that the [] appeals be quashed.

Correspondence, 7/10/26 (unpaginated) (some capitalization modified); **see**

**also id.** (trial court explaining that it had filed two amended Rule 1925(b)

---

[6] On April 13, 2026, this Court granted Appellant's *pro se* "Motion to Direct Service on *Pro Se* Appellant and Correct Service Practice," filed in this Court on March 27, 2026. Order, 4/13/26. Citing Rule 114(C), we

> direct[ed] the trial court to ensure that (1) all filings are served
> upon Appellant, at his address of record …, consistent with our
> Rules of Criminal Procedure; and (2) the trial court docket reflects
> service of all orders and notices upon Appellant.

**Id.** This Court forwarded a courtesy copy of Appellant's Motion to the trial court.

orders in this matter "to reflect distribution to two new mailing addresses provided to this [c]ourt by Appellant.").[7]

On appeal, Appellant presents the following issues for our review:

1. Whether [the] trial court abused it[]s discretion in finding Appellant to have waived his right to counsel knowingly, intelligently, or voluntarily for requesting substitute counsel, and whether [the] trial court erred by refusing to inquire into Appellant's claims of "irreconcilable conflict" with his counsel to ascertain if Appellant qualified for "good cause" to substitute counsel.

2. Whether the verdict for PWID, tampering [with] evidence, [and] [possession] of drug paraphernalia, was against the weight of the evidence? Whether Appellant's convictions offend[] due process, as Appellant was unlawfully arrested by police by lacking probable cause, presenting evidence to a jury that was unlawfully obtained, and the summary probable cause to arrest charges were not adjudicated or disposed of that were part of the same criminal information.

3. Whether the Commonwealth's evidence in this case was insufficient as a matter of law to support and sustain a conviction, as the charges in the criminal information, of no jaywalking: Except at the direction of a police officer, and it[]s elements of,

_____

[7] On July 15, 2026, Appellant filed in this Court a *pro se* "Application for Relief Pursuant to Pa.R.A.P. 123" ("Application"). He asserted therein that following this Court's second remand in **Martin**, 2026 WL 964049, **supra**,

> Appellant has reviewed the trial court docket, which appears to indicate that **the trial court complied with the remand order [of Martin**.] However, Appellant has never received the Rule 1925(b) order or any notice directing the filing of a concise statement of errors complained of on appeal.

Application, 7/15/26, ¶¶ 4-5 (emphasis added; paragraph break and enumeration omitted; some capitalization modified). Appellant asks us to direct the trial court "to reissue and properly serve the Rule 1925[](b) order upon Appellant **if proper service was not accomplished**." **Id.** (Prayer for Relief) (emphasis added).

pedestrians shall not leave the curb or sidewalk to cross at a controlled intersection unless: (a) at the direction of a police officer; (b) on the green or "go" traffic signal at intersections not having pedestrian signals; (c) on the "walk" signal at intersections having pedestrian signals. Also the charge of obstructing highways and other public passages, and it[]s elements of, (1) that [Appellant] or w[ith] others obstructed a highway, railroad track, public utility right of way, sidewalk, as to "obstruct" means to render impassable [with]out unreasonable inconvenience or hazard, (2) that [Appellant] did so intentionally or recklessly, (3) that [Appellant] had no legal privilege to do so, (4) that [Appellant] persisted in doing so after warning by a law officer or other official.

Appellant's Brief at 3-4 (unpaginated) (capitalization, punctuation, and formatting modified).

Before reaching the merits of Appellant's issues, we must address whether he preserved them for appellate review. Under our appellate rules, appellants are precluded from raising issues on appeal that were not presented to the trial court. *See* Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Further, where, as here, an appellant is directed to file a Pa.R.A.P. 1925(b) concise statement, any issues not raised in a timely-filed statement are waived. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998); *see also Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020) (stating it is axiomatic that "any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." (citing *Lord*, 719 A.2d at 309)); *Hill*, *supra* (same).

As this Court has observed, Rule 1925(b)

- 9 -

is very clear and very strict. "The Statement **shall** concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." **Id.** (b)(4)(vii). This is because, the "absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review." **Lord**, 719 A.2d at 308. "Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." **Id.**

**Commonwealth v. Smith**, 304 A.3d 35, 39 (Pa. Super. 2023) (some citations modified; emphasis in original).

Here, as discussed *supra*, the trial court properly filed and served its Rule 1925(b) orders upon Appellant; accordingly, we deny his July 15, 2026, Application alleging improper service. Because Appellant failed to file Rule 1925(b) statements despite being ordered to do so, he preserved no issues for appellate review. **See Lord**, **supra**; **see also Commonwealth v. Douglass**, 835 A.2d 742, 744-45 (Pa. Super. 2008) (holding appellant waived all of her issues for appellate review based upon her failure to file a court-ordered Rule 1925(b) statement); **Commonwealth v. Auchmuty**, 799 A.2d 823, 825 (Pa. Super. 2002) (holding that the appellant's "failure to file a Rule 1925(b) statement resulted in waiver of all issues on appeal."). Consequently, we affirm Appellant's judgments of sentence.

Appellant's July 15, 2026, Application is denied. Judgments of sentence affirmed.

- 10 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 08/13/2026